NOT FOR PUBLICATION

FILED

NOV 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PABLO ELIAS RAMOS-RODRIGUEZ, | No. 16-73256 |
| Petitioner, | Agency No. A072-532-935 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 19, 2018
San Francisco, California

Before: HAWKINS and HURWITZ, Circuit Judges, and EATON,** Judge.

Pablo Ramos-Rodriguez, a native and citizen of El Salvador, petitions for

review of a decision of the Board of Immigration Appeals ("BIA") dismissing his

appeal from the denial by an Immigration Judge ("IJ") of his applications for

withholding and deferral of removal under the Convention Against Torture. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

have jurisdiction under 8 U.S.C. § 1252 and grant the petition as to the deferral claim, but deny the petition as to the withholding claim.

1. The BIA applied the correct legal standard in determining that Ramos' 2003 conviction for threatening with intent to terrorize, Cal. Penal Code § 422, was a particularly serious crime. The BIA properly considered "the nature of the conviction, the circumstances and underlying facts of the conviction, the type of sentence imposed," and the elements of the offense. *See Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014) (quoting *Matter of Frentescu*, 18 I. & N. Dec. 244, 247 (BIA 1982)); *see also Matter of N-A-M-*, 24 I. & N. Dec. 336, 342 (BIA 2007). Because he was convicted of a particularly serious crime, Ramos is ineligible for withholding of removal. *See* 8 C.F.R. § 1208.16(d).[1]

2. The BIA erred in denying deferral of removal based on the IJ's supposed adverse credibility determination. An IJ's adverse credibility determination must be explicit. *Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010). Although the IJ made observations about Ramos' credibility, he made no explicit adverse credibility determination. *See Kalubi v. Ashcroft*, 364 F.3d 1134, 1137–38 (9th Cir. 2004). We therefore grant the petition in part and remand to the BIA to determine, based on the record, whether Ramos established a likelihood of

---

[1] To the extent Ramos makes substantive challenges to the particularly serious crime determination, we do not have jurisdiction to review them. *See Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010); 8 U.S.C. § 1252(a)(2)(C).

future torture if returned to El Salvador.  *See* 8 C.F.R. § 1208.14(a).

**PETITION GRANTED IN PART, DENIED IN PART, and REMANDED; each party to bear its own costs on appeal.**